UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOBAT GHAZIZADEH,

    Plaintiff,

v.                                                Case No:   2:14-cv-123-FtM-38CM

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## ORDER[1]

Defendant Bank of America filed a Notice of Removal on March 3, 2014, indicating that this Court has subject matter jurisdiction pursuant to federal question and diversity jurisdiction. (Doc. #1). Upon review of the docket and its materials, the Court found it did not have proper subject matter jurisdiction of this case and instructed Bank of America to show cause as to why this case should not be remanded for failure to establish subject matter jurisdiction. (Doc. #11). On March 31, 2014, Bank of America filed a response to the Court's Order. (Doc. #15). This matter is now ripe for review.

Bank of America asserts diversity jurisdiction exists in this matter. Diversity jurisdiction requires complete diversity of citizenship and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a);

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action removed to federal court, the removing defendants bear the burden of establishing federal jurisdiction. Moreland v. SunTrust Bank, --- F.Supp.2d ----, No. 2:13-cv-242-FtM-29UAM, 2013 WL 3716400 at *1 (M.D. Fla. July 15, 2013) ("As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal.") (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010); Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003)). Courts determine if it has federal jurisdiction by looking to the initial pleading and notice of removal. 28 U.S.C. § 1446(b).

Complete diversity between the Parties exists because Plaintiff Lobat Ghazizadeh is a citizen of Florida and Bank of America is a citizen of North Carolina. The Court, however, is again not satisfied that the amount in controversy exceeds $75,000 excluding interest and costs. As stated previously, the Court will heed to Bank of America's assertion that Ghazizadeh may recover $45,630.44 in damages pursuant to a request for front and back pay damages. The Court, however, is not satisfied that Ghazizadeh's request for compensatory,[2] emotional distress, and punitive damages makes this matter reach the minimum required amount in controversy; these amounts are purely speculative. Logsdon v. Duron, Inc., No. 3:05CV243J-16HTS, 2005 WL 1163095 (M.D. Fla. May 17, 2005) ("Defendant did not establish that the amount of emotional distress damages that could be recovered in this case would likely be substantial"); Love v. Northern Tool & Equipment Co., Inc., No. 08-cv-20453-CIV, 2008 WL 2955124, at *2 (S.D. Fla. Aug. 1, 2008) (refusing to calculate any other kind of damages other than back and front pay, such as emotional

---

[2] Here referring to Plaintiff's request for emotional pain and suffering, mental anguish, humiliation, embarrassment, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses.

distress, toward the amount in controversy); Wozniak v. Dolgencorp, LLC, No. 8:09-cv-2224-T-23AEP, 2009 WL 4015577, at *1 (M.D. Fla. Nov. 19, 2009) (citing Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007) (finding defendant's reliance on a general request of punitive damages to be unpersuasive with regard to the amount in controversy analysis)); Pavon v. ZMC Hotels, Inc., No. 8:05-CV-566-T-17-MAP, 2006 WL 1804586, at *1 (M.D. Fla. Jan. 27, 2006) (finding that minimum amount was not satisfied because plaintiff did not plead a specific amount for punitive damages or attorney's fees); Henderson v. Ricoh Americas Corp., No. 8:09-cv-2467-T-23TGW, 2009 WL 5171775, at *2 (M.D. Fla. Dec. 22, 2009) (finding that the estimate of additional compensatory damages or punitive damages to be purely speculative and therefore remanding the matter to state court); see also Beal v. La Quinta Inns, Inc., No. 3:06-cv-996-J-33TEM, 2007 WL 1577826 (M.D. Fla. May 31, 2007). The Court does not find that the jury verdicts cited by Bank of America are comparable to this matter and therefore the jury verdicts do not soundly support that the required amount in controversy exists in this matter.[3] The Court finds it does not have subject matter jurisdiction in this case.

Accordingly, it is now

**ORDERED:**

1. This matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

2. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

---

[3] For example, the Court finds the Munoz case, involving age discrimination to be factually distinguishable to this case involving failure to accommodate, hostile work environment, and retaliation because of plaintiff's diabetes and mold allergy. See Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340 (11th Cir. 2000).

3. The Clerk is directed to **CLOSE** this case and terminate any and all previously scheduling deadlines and other pending motions as moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of April, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record